IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JILL E. MACK,

    Plaintiff,

v.

HERTY ADVANCED MATERIALS
DEVELOPMENT CENTER,

    Defendant.

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA,

    Intervenor.

CASE NO. CV415-196



## O R D E R

Before the Court is Intervenor Board of Regents of the University System of Georgia's (the "Board") Motion to Dismiss. (Doc. 16.) For the following reasons, the Court **DIRECTS** Herty Advanced Materials Development Center, LLC and the Board to file a brief within thirty days of the date of this order detailing Plaintiff's employer and the existence and nature of any relationship between Herty Advanced Materials Development Center and Herty Advanced Materials Development Center, LLC. Plaintiff shall have fifteen days from the filing of such brief to respond. Accordingly, the Clerk of Court is **DIRECTED** to

**ADMINISTRATIVELY TERMINATE** the Board's motion for statistical purposes.

## BACKGROUND

On July 8, 2015, Plaintiff filed a complaint against Herty Advanced Materials Development Center. (Doc. 1.) She alleged that the entity had hired her in April of 2012 to act as a quality control laboratory technician. (Id. ¶ 6.) On August 15, 2013, Plaintiff took time off from work to care for her husband pursuant to the Family Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"). (Id. ¶ 7.) Around the same time, Plaintiff informed her employer that she would need to take time off for surgery related to her Carpal Tunnel Syndrome and Cubital Tunnel Syndrome. (Id. ¶ 8.) She took the requisite time and on October 8, 2013, began receiving short-term disability benefits. (Id. ¶¶ 9-10.)

While she was convalescing, Plaintiff learned that an employee had been hired to replace her. (Id. ¶ 11.) Plaintiff's employment with Herty Advanced Materials Development Center was terminated on November 12, 2013. (Id. ¶ 12.) Plaintiff alleges that at the time of her termination she had remaining unexpired FMLA leave, was not informed that she was ineligible for FMLA leave, and was on medical leave for a personal health condition. (Id. ¶¶ 13-17.) Plaintiff brought claims for violations of the

FMLA and the American's with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). (Id. ¶¶ 18-35.)

On July 9, 2015, the Court issued a summons to Herty Advanced Materials Development Center, care of Alexander A. Koukoulas. (Doc. 2.) On November 13, 2015, an entity named Herty Advanced Materials Development Center, LLC ("Herty, LLC") answered the complaint.[1] (Doc. 4.) The answer stated that Herty, LLC was making a special appearance to file an answer on behalf of the named defendant Herty Advanced Materials Development Center. (Id. at 1.) However, the answer stated that Plaintiff had failed to join an indispensable party because Herty, LLC had never employed Plaintiff. (Id. at 2.) Three days later, the Board filed a Motion to Dismiss alleging that it was the successor to and continuation of the Herty Advanced Materials Development Center. (Doc. 6.) The Board argued that the complaint should be dismissed for improper service. (Id., Attach. 1 at 2.) The Court dismissed that motion because the Board had failed to file either a motion to intervene or a motion to substitute party. (Doc. 12.)

On July 12, 2016, the Board filed a Motion to Intervene. (Doc. 13.) The motion was granted on August 2, 2016. (Doc. 14.)

---

[1] It remains unclear to the Court why Herty, LLC felt the need to file an answer to the complaint on behalf of Defendant Herty Advanced Materials Development Center. Still more unclear is how Herty, LLC could purport to file on behalf of Defendant but also assert that Plaintiff had failed to properly join Defendant.

3

On August 15, 2016, the Board filed a renewed motion to dismiss the complaint in lieu of an answer. (Doc. 16.)

The Board argues that it was not properly served, that the complaint fails to state a claim upon which relief can be granted, and that the Court lacks subject matter jurisdiction. (Id. at 1.) First, the Board argues that the Court lacks personal jurisdiction because Plaintiff failed to serve the Board's chief executive officer and failed to serve that officer within 120 days of the date of filing of Plaintiff's complaint. (Doc. 16 at 7-11.) Second, the Board contends that Plaintiff's ADA claims are barred by the Eleventh Amendment and because Plaintiff failed to exhaust her administrative remedies. (Id.) Finally, the Board argues that Plaintiff's FMLA claims are barred by the Eleventh Amendment and the applicable statute of limitations. (Id.) Plaintiff, who does not contest the applicability of the Eleventh Amendment to the Board, argues that the Court should grant Plaintiff the opportunity to discover the identity of her actual employer. (Doc. 20.) Plaintiff notes that she served Herty Advanced Materials Development Center and an individual named Alexander Koukoulas. (Id. at 6.) Plaintiff also alleges that Mr. Koukoulas was the individual who fired her and that none of her work documents reference the Board. (Id.)

4

## ANALYSIS

The Court recognizes that if the Board was Plaintiff's employer, then the Eleventh Amendment may preclude any claims pursuant to the FMLA or ADA. See Coleman v. Court of Appeals of Md., 566 U.S. 30 (2012) (holding states immune from suit pursuant to the FMLA self-care provision); Bd. of Trs. of the Univ. of Ala. v. Garret, 531 U.S. 356 (2001) (holding states immune from suit pursuant to Title I of ADA). However, the Court must express some concern as to the relationships of the parties in this case. There appear to be two entities using the Herty Advanced Materials Development Center name: one an LLC and one an entity overseen by the Board. The two entities appear to have the same location and at least one overlapping employee: Mr. Koukoulas. Moreover, none of the parties in this case have adequately explained the employment relationship between the Plaintiff and the various Herty entities. However, the identity of Plaintiff's employer is directly applicable to many of the issues raised in the Board's Motion to Dismiss. Accordingly, the Court **DIRECTS** Herty, LLC and the Board to file a brief within thirty days of the date of this order detailing which entity employed Plaintiff and the relationship between Herty Advanced Materials Development Center as overseen by the Board and Herty Advanced Materials Development, LLC. Once Plaintiff's employer

5

is determined, the Court will rule on the pending Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court **DIRECTS** Herty Advanced Materials Development Center, LLC and the Board to file a brief within thirty days of the date of this order detailing Plaintiff's employer and the existence and nature of any relationship between Herty Advanced Materials Development Center and Herty Advanced Materials Development Center, LLC. Plaintiff shall have fifteen days from the filing of such brief to respond. Accordingly, the Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** the Board's motion for statistical purposes.

SO ORDERED this 22ND day of March 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA